
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/11/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN PANKINS (B.O.P.#09819-045) | DOCKET NO. 09-CV-416; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| F. MENIFEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the Court is the civil rights complaint filed by Plaintiff John Pankins, proceeding *pro se* and *in forma pauperis*, pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the U.S. Penitentiary in Pollock, Louisiana ("USP-P"). Plaintiff complains that his constitutional rights were violated by the defendants Warden Frederick Menifee, Assistant Warden S. Grant, Lt. T. Garrow, Lt. M. Melton, and McKinney.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See <u>Zuspann v. Brown</u>, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

## STATEMENT OF THE CASE

Plaintiff alleges that in July 2006, he was rushed to a hospital for what was determined to be a high level of opiates in his system. Plaintiff complains that Lt. Garrow wrongfully assumed that Plaintiff had taken drugs and wrote an incident report for drug use, even though no drugs were found on Plaintiff. Plaintiff alleges that Lt. Garrow harassed him, making Plaintiff offers in exchange for his help in an investigation. Then, when Plaintiff refused, Lt. Garrow convinced Warden Menifee to keep Plaintiff at USP-P so that Garrow could build a case against Plaintiff.

Plaintiff next alleges that a year later, in July 2007, Garrow gave Plaintiff nine incident reports for phone abuse and had Plaintiff's mail taken away. He claims that Garrow conspired with Defendant Melton in 2007 and 2008 to have Plaintiff killed. In October 2008, Garrow kicked on Plaintiff's cell door and called him a homosexual and snitch. Garrow said that he trained Melton and they "did this" to Plaintiff together. Plaintiff states that Melton gave him a "going away gift" of a life sentence.

Plaintiff claims that Melton is the "main culprit" as he set Plaintiff up to be killed and falsely prosecuted. He claims that he has several witnesses who will testify that they heard Melton call Plaintiff a "snitch."

Plaintiff alleges that Melton, Grant, and McKinney conspired to place Plaintiff in 24 hour lockdown.

2

Plaintiff alleges that Defendant Grant was aware of the "violations" by the defendants and failed to report the wrongdoings, choosing instead to conspire against Plaintiff. He alleges that Menifee was aware of the wrongdoings by the defendants and he failed to intervene. Plaintiff alleges that McKinney also knew of the wrongdoings and failed to report them. Additionally, he claims that McKinney locked Plaintiff in the special housing unit (SHU) and threatened him with prosecution.

## LAW AND ANALYSIS

1. CONDITIONS OF CONFINEMENT

Plaintiff complains of being confined in the SHU. In general, inmates do not have a protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988). In Sandin v. Conner, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. Sandin at 485. In light of Sandin, the Fifth Circuit has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998).

Moreover, for conditions of confinement to rise to the level

of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. Id. However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. Id. Plaintiff does not complain about any of the conditions in the SHU. He has not alleged that his confinement in the SHU was an atypical and significant hardship in relation to ordinary prison life.

2. DISCIPLINARY CONVICTIONS

Plaintiff claims that he was placed in the SHU because of an investigation and/or disciplinary conviction(s). He seeks a reversal or dismissal of any disciplinary convictions and pending disciplinary charges. Plaintiff does not state whether he lost good time as a result of the disciplinary convictions. Either way, however, he fails to state a claim for which relief can be granted.

a. If Plaintiff is in the SHU as a result of a disciplinary conviction, and if he lost "good time" credit as a result of the proceeding, then his claim is barred. The Supreme Court has determined that when an inmate's collateral attack on a disciplinary proceeding would "necessarily imply the invalidity" of

the proceeding, he may not pursue the claim under § 1983 until he demonstrates that he has challenged the proceeding in a writ of habeas corpus *and* the disciplinary proceeding has been invalidated, reversed, or expunged. Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973) (holding that §2254 provides a specific remedy for prison inmates challenging the results of specific prison disciplinary hearings if the inmates do not seek monetary damages). It is clear from the complaint that Plaintiff's disciplinary cases have not been reverse, expunged, or declared invalid, as that is the relief sought by Plaintiff herein. The claim is barred by Heck and Edwards.

b.  If Plaintiff is in the SHU as a result of disciplinary proceedings, and he has *not* been deprived of good time credit, then his claim is barred by Sandin. The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. See id. at 486. Plaintiff has not alleged the loss of any good time by virtue of the disciplinary charges. If he lost no good time, then he has no federally protected due process rights in

5

connection with the proceedings.

3.  ACCESS TO COURTS

Plaintiff complains that his mail was temporarily taken away in July of 2007. This complaint is likely prescribed; however, even if it is not, the claim is frivolous. A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. <u>Brewer v. Wilkinson</u>, 3 F.3d 816, 820 (5th Cir. 1993). However, to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. See <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998). In this context, an inmate shows an actual injury by establishing that "his position as a litigant was prejudiced" due to the officers' actions. <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993). Plaintiff has not alleged that he suffered any actual prejudice due to the defendants' purported interference with his mail. Plaintiff's claim that he was denied access to the courts is frivolous.

4.  PHYSICAL INJURY

Plaintiff does not meet the statutory requirement of a physical injury in order to recover for mental and emotional damages. Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The

physical injury required by § 1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)). Here, Plaintiff has not alleged *any* physical injury.

Even if the defendant(s) called Plaintiff a "snitch" in front of other inmates, he has not alleged a constitutional claim. There is no allegation or evidence indicating that Defendants' statements caused Plaintiff any injury. See Umar v. Burkett, 996 F.2d 304 (5th Cir. 1993) (finding that a claim of deliberate indifference did not "rise to the level of a constitutional violation because ... [the plaintiff] suffered no injury"). Plaintiff was never attacked, and he has not alleged that any specific threats were made against him by any inmates. Plaintiff's claim is frivolous.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to no relief as a matter of law. See Alexander v. Tippah County, Miss. 351 F.3d 626, 630-631 (5th Cir. 2003). It is **RECOMMENDED** that Plaintiff's claims be **DISMISSED as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b)**.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _10th_ day of _June_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE